**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| KYOCERA WIRELESS CORPORATION, a Delaware company, and KYOCERA SANYO TELECOM, INC., a Delaware company,<br><br>                  Plaintiffs,<br><br>   v.<br><br>ELECTRONICS AND TELECOMMUNICATIONS RESEARCH INSTITUTE, a South Korean company,<br><br>                  Defendant. | Civil Action No. 1:08CV702 (GBL/JFA)<br><br>**JURY TRIAL DEMANDED** |

## THIRD PARTY COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs Kyocera Wireless Corporation and Kyocera Sanyo Telecom, Inc. (defendants and counterclaimants in Civil Action 1:08CV702 (GBL/JFA)), bring this action for declaratory relief against Electronics and Telecommunications Research Institute (third party counterdefendant in Civil Action 1:08CV702 (GBL/JFA)).

## PARTIES

1. Plaintiff Kyocera Wireless Corporation ("KWC") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in San Diego, California.

2. Plaintiff Kyocera Sanyo Telecom, Inc. ("KSTI") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Chatsworth, California.

3. On information and belief, and according to the allegations in paragraph 1 of SPH America LLC's Complaint in Civil Action 1:08CV702 (GBL/JFA), Electronics and Telecommunications Research Institute ("ETRI") is a South Korean research organization located at 1599-11 Seocho-Dong, 6th Floor, Seocho-Gu, Seoul, 137-876, Korea, and is the registered owner of United States Patent Nos. RE 40,385, 5,960,029, and RE 40,253 (collectively, the "Patents-In-Suit").

4. On information and belief, and according to the allegation in paragraph 1 of SPH America, LLC's Complaint in Civil Action 1:08CV702 (GBL/JFA), ETRI licensed the Patents-In-Suit to SPH America LLC ("SPH"), a Virginia limited liability company, which has a regular and established place of business located in Reston, Virginia.

## JURISDICTION AND VENUE

5. This action seeks a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202. It presents an actual case or controversy under Article III of the United States Constitution and serves a useful purpose in clarifying and settling the legal rights at issue.

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. §1 et seq.

7. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) and (c).

8. On information and belief, ETRI conducts business in Virginia and in this District, including but not limited to, negotiating, executing and performing a license agreement under the Patents-In-Suit with SPH. On information and belief, ETRI has systematic, continuous and

pervasive contacts with Virginia and this District by, among other things, conducting regular business with the United States Patent and Trademark Office ("USPTO") including, *inter alia*, filing and prosecuting patent applications and paying fees. This Court has personal jurisdiction over ETRI because, *inter alia*, ETRI has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.

## FACTS

9. ETRI is listed as the assignee of each of the Patents-In-Suit.

10. According to the allegation in paragraph 1 of SPH's Complaint in Civil Action 1:08CV702 (GBL/JFA), ETRI licensed the Patents-In-Suit to SPH.

11. On information and belief, ETRI has retained rights in the Patents-In-Suit, including but not limited to, rights to future royalties and/or payments with respect to litigation or licensing relating to the Patents-In-Suit.

12. SPH has alleged that KWC and KSTI infringe the Patents-In-Suit in Civil Action 1:08CV702 (GBL/JFA). KWC and KSTI have denied that they infringe the Patents-In-Suit, and have counterclaimed against SPH and ETRI that at least one claim of each of the Patents-In-Suit is invalid and/or unenforceable.

### ETRI Failed to Disclose the Patents-In-Suit to Key Standard Setting Organizations

13. Standard Setting Organizations ("SSOs") work collaboratively with their member companies to develop global specifications for technologies such as cellular and radio transmission. Two widely recognized SSOs in the telecommunications industry include (1) the European Telecommunications Standards Institute ("ETSI"), and (2) the Telecommunications Technology Association ("TTA").

14.     SSOs (and their member companies) also work collaboratively with other SSOs (and their member companies) on SSO Partnership Projects to develop global specifications for technologies such as cellular and radio transmission.  Two widely recognized SSO Partnership Projects include (1) the Third Generation Partnership Project ("3GPP") and (2) the Third Generation Partnership Project 2 ("3GPP2").  Within 3GPP and 3GPP2, the SSOs that make up 3GPP or 3GGP2 are referred to as "Organizational Partners."

15.     ETSI is a SSO/Organizational Partner of 3GPP.  TTA is a SSO/Organizational Partner of 3GPP and 3GPP2.  In order for an individual company (like ETRI) to be a member of 3GPP or 3GGP2, it must also be a member of one of the SSOs/Organizational Partners of 3GPP or 3GPP2.

16.     On information and belief, ETRI is a member of ETSI and TTA.  Both ETSI and TTA have separate written polices and disclosure requirements to which ETRI is bound as a member of each SSO.

17.     On information and belief, ETRI is also a member of 3GPP and 3GPP2.  On information and belief, ETRI's delegate to both 3GPP and 3GPP2 included at least Mr. Seung-Chan Bang, who is also a named inventor on the '385 Patent-in-suit.  Both 3GPP and 3GPP2 have separate written polices and disclosure requirements to which ETRI is bound as a member of each Partnership Project.

### 3GPP and 3GGP2's Disclosure Rules

18.     Both 3GPP and 3GGP2 require that individual member companies (like ETRI) comply with the policies and rules of their respective SSO/Organizational Partners (e.g., ETSI and TTA).  In addition, 3GPP and 3GGP2 require individual member companies (like ETRI) to declare at their "earliest opportunity" any Intellectual Property Rights ("IPRs") which a member

4

believes to be essential or potentially essential to any work ongoing within 3GPP or 3GGP2 through a declaration to their respective SSO/Organizational Partner.

19. Article 55 of the 3GPP Working Procedures and Articles 8 and 55 of the 3GPP2 Working Procedures provide: "[i]ndividual Members shall be bound by the IPR Policy of their respective Organizational Partner.  Individual Members should declare at the earliest opportunity any IPRs which they believe essential or potentially essential, to any work ongoing within 3GPP.  Declarations should be made by Individual Members to their respective Organizational Partners."

### ETSI's Disclosure Rules

20. ETSI's IPR policy requires its members to disclose to ETSI its essential IPRs (including patent applications and reissues) in a timely fashion.

21. Section 4 of ETSI's IPR Policy states as follows:

> 4 Disclosure of IPRs
>
> 4.1 Subject to Clause 4.2 below, each MEMBER shall use its reasonable endeavors, in particular during the development of a STANDARD or TECHNICAL SPECIFICATION where it participates, to inform ETSI of ESSENTIAL IPRs in a timely fashion. In particular, a MEMBER submitting a technical proposal for a STANDARD or TECHNICAL SPECIFICATION shall, on a bona fide basis, draw the attention of ETSI to any of that MEMBER's IPR which might be ESSENTIAL if that proposal is adopted.
>
> 4.2 The obligations pursuant to Clause 4.1 above do however not imply any obligation on MEMBERS to conduct IPR searches.

22. Clause 15 of ETSI's IPR Policy defines "ESSENTIAL" and "IPR" as follows:

6 "**ESSENTIAL**" as applied to IPR means that it is not possible on technical (but not commercial) grounds, taking into account normal technical practice and the state of the art generally available at the time of standardization, to make, sell, lease, otherwise dispose of, repair, use or operate EQUIPMENT or METHODS which comply with a STANDARD without infringing that IPR. For the avoidance of doubt in exceptional cases where a STANDARD can only be implemented by technical solutions, all of which are infringements of IPRs, all such IPRs shall be considered ESSENTIAL.

7 "**IPR**" shall mean <u>any intellectual property right conferred by statute law including applications therefor</u> other than trademarks. For the avoidance of doubt rights relating to get-up, confidential information, trade secrets or the like are excluded from the definition of IPR. (emphasis added).

### TTA's Disclosure Rules

23. TTA's IPR policy requires its members to disclose to TTA any IPR (including IPR applications) which may fully or partially cover elements of a proposal or draft standard.

24. TTA's IPR disclosure policy reads as follows.

    Article 2 (Definition of Terms)

    The term "intellectual property right" (hereinafter referred to as "IPR"), used in these guidelines, shall mean any industrial property right such as patent, utility model and design, copyright etc., <u>including any IPR for which an application has been filed and pending.</u> (emphasis added)

    Article 3 (Notification of Information about IPR)

    1) Any one proposing a TTA standard by submitting a proposal or draft standard <u>or any one having an interest in it</u>, that has knowledge of any IPR which may <u>fully or partially cover elements</u> of the proposal or draft standard, is obligated to notify the following information to the Secretary-General of TTA (hereinafter referred to as "the Secretary-General):
        1. Name, address, profession, contact points, etc. of the person giving information about IPR;

        2. Title or subject of the proposal or draft standard, and elements or portions thereof covered by the IPR;
        3. Title or subject of the relevant IPR, and any other information about the IPR and the holder (owner) of the IPR.

        2) Notification of information about IPR, as provided for in Paragraph 1 above shall be given according to Form No. 1 attached as Attachment 1. (emphasis added).

### ETRI Failed to Disclose the Patents-In-Suit to ETSI, TTA, 3GPP and 3GPP2

25. On information and belief, ETRI knew or should have known about the requirements for disclosing its intellectual property rights to, *inter alia,* ETSI, TTA, 3GPP and 3GPP2.

26. On information and belief, ETRI has declared at least 22 of its IPRs as essential or potentially essential to ETSI specifications in the past.

27. On information and belief, on or around June 16, 2003, ETRI declared to ETSI, *inter alia*, ETRI's (1) U.S. Patent No. 6,222,873 ("the '873 Patent") entitled "Orthogonal complex orthogonal spreading method for multichannel and apparatus thereof" as essential, or potentially essential to Technical Specification TS 125.213; (2) U.S. Patent No. 6,449,306 ("the '306 patent") entitled "Orthogonal complex orthogonal spreading method for multichannel and apparatus thereof" as essential or potentially essential to Technical Specification TS 125.213; and (3) U.S. Patent Application Serial No. 09/181,970 ("the '970 Application") entitled Apparatus and method of random access via reverse common channel in CDMA network" as essential or potentially essential to Technical Specifications TS 125.211, 125.212, and 125.214.

28. ETRI's '306 Patent that it disclosed to ETSI as essential or potentially essential is the original patent to the reissued '385 Patent-In-Suit asserted in this case. Further, the original '306 Patent and the reissued '385 Patent-In-Suit are continuations of the '873 Patent which ETRI disclosed to ETSI as essential or potentially essential.

29.     ETRI's '970 Application that it disclosed to ETSI as essential or potentially essential was issued to ETRI less than three months later as U.S. Patent No. 6,614,771 ("the '771 Patent") on September 2, 2003.  The '771 Patent is the original patent of the reissued '253 Patent-In-Suit asserted in this case.

30.     On information and belief, since ETRI disclosed the '306 patent, the '873 Patent and the '907 Application as essential or potentially essential to at least the ETSI specifications, ETRI must consider its reissued '385 and '253 Patents-In-Suit to also be essential or potentially essential to those ETSI specifications and therefore had a duty to disclose the reissued '385 and '253 Patents-In-Suit pursuant to ETSI and 3GPP policy.

31.     On information and belief, ETRI failed to disclose to ETSI , TTA, 3GPP and 3GGP2 its '771 Patent which issued to ETRI from the '970 Application and is the underlying patent of ETRI's reissued '253 Patent-In-Suit asserted in this action.

32.      On information and belief, ETRI failed to disclose to ETSI , TTA, 3GPP and 3GGP2 its Reissue Application No. 11/218,277, which was filed on September 2, 2005 and was later reissued to ETRI as the '253 Patent-In-Suit asserted in this case.

33.     On information and belief, ETRI also failed to disclose to ETSI , TTA, 3GPP and 3GGP2 its '253 Patent-In-Suit after it was reissued to ETRI on April 22, 2008.

34.     On information and belief, ETRI failed to disclose to ETSI , TTA, 3GPP and 3GGP2 its Reissue Application No. 10/932,227 (for the original '306 Patent) which was filed on September 2, 2004 and was reissued to ETRI as the '385 Patent-In-Suit asserted in this case.

35.     On information and belief, ETRI also failed to disclose to ETSI , TTA, 3GPP and 3GGP2 the '385 Patent-In-Suit after it was reissued to ETRI on June 17, 2008.

36.     On information and belief, ETRI also failed to disclose to ETSI , TTA, 3GPP and 3GGP2 its U.S. Patent No. 5,960,029 which was issued to ETRI on September 28, 1999.

## COUNT ONE

**(Non-infringement, Invalidity, and Unenforceability of the '385 Patent)**

37.     KWC and KSTI incorporate the preceding paragraphs 1-36 as if fully set forth herein.

38.     KWC and KSTI have not directly or indirectly infringed and are not directly or indirectly infringing the '385 Patent as alleged in Civil Action 1:08CV702 (GBL/JFA).

39.     One or more of the claims of the '385 Patent are invalid and unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for Patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

40.     The '385 Patent is unenforceable due to unclean hands, misconduct, waiver, and/or other equitable doctrines based on ETRI's failure to timely disclose the '385 Patent (and its underlying reissue application) as essential or potentially essential to certain SSOs and SSO Partnership Projects of which ETRI is a member, including ETSI, TTA, 3GPP and 3GPP2, as set forth in detail above in paragraphs 13-35.

41.     KWC and KSTI are entitled to a declaratory judgment that they have not infringed and are not infringing the '385 Patent, that the '385 Patent is invalid, and that the '385 Patent is unenforceable due to unclean hands, misconduct, fraud, waiver, and/or other equitable doctrines.

## COUNT TWO

**(Non-infringement, Invalidity, and Unenforceability of the '029 Patent)**

42. KWC and KSTI incorporate the preceding paragraphs 1-36 as if fully set forth herein.

43. KWC and KSTI have not directly or indirectly infringed and are not directly or indirectly infringing the '029 Patent as alleged in Civil Action 1:08CV702 (GBL/JFA).

44. One or more of the claims of the '029 Patent are invalid and unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for Patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

45. The '029 Patent is unenforceable due to unclean hands, misconduct, waiver, and/or other equitable doctrines based on ETRI's failure to timely disclose the '029 Patent to certain SSOs and SSO Partnership Projects of which the ETRI is a member, including ETSI, TTA, 3GPP and 3GPP2, as set forth in detail above in paragraphs 13-36.

46. KWC and KSTI are entitled to a declaratory judgment that they have not infringed and are not infringing the '029 Patent, that the '029 Patent is invalid, and that the '029 Patent is unenforceable due to unclean hands, misconduct, fraud, waiver, and/or other equitable doctrines.

**COUNT THREE**

**(Non-infringement, Invalidity, and Unenforceability of the '253 Patent)**

47. KWC and KSTI incorporate the preceding paragraphs 1-36 as if fully set forth herein.

48. KWC and KSTI have not directly or indirectly infringed and are not directly or indirectly infringing the '253 Patent as alleged in Civil Action 1:08CV702 (GBL/JFA).

49. One or more of the claims of the '253 Patent are invalid and unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for Patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

50. The '253 Patent is unenforceable due to unclean hands, misconduct, waiver, and/or other equitable doctrines based on ETRI's failure to timely disclose the '253 Patent (and its underlying reissue application) to certain SSOs and SSO Partnership Projects of which the ETRI is a member, including ETSI, TTA, 3GPP and 3GPP2, as set forth in detail above in paragraphs 13-33.

51. KWC and KSTI are entitled to a declaratory judgment that they have not infringed and are not infringing the '253 Patent, that the '253 Patent is invalid, and that the '253 Patent is unenforceable due to unclean hands, misconduct, fraud, waiver, and/or other equitable doctrines.

## **PRAYER FOR RELIEF**

WHEREFORE, KWC and KSTI request the Court to enter a judgment in their favor and against ETRI as follows:

a. A declaratory judgment that KWC and KSTI have not infringed, and are not infringing, the Patents-In-Suit.

b. A declaratory judgment that the '385 Patent is invalid, void, and/or unenforceable against KWC and KSTI;

c. A declaratory judgment that the '029 Patent is invalid, void, and/or unenforceable against KWC and KSTI;

d. A declaratory judgment that the '253 Patent is invalid, void, and/or unenforceable against KWC and KSTI;

    e.    An order awarding KWC and KSTI their costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

    f.    An order granting such further relief as is just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), KWC and KSTI demand a trial by jury for all issues so triable.

Dated: August 28, 2008                Respectfully submitted,

                                            MCGUIREWOODS LLP

                                            /s/ Caitlin Lhommedieu
                                            Caitlin Lhommedieu (VA Bar No. 47796)
                                            John S. Hilten (VA Bar No. 65556)
                                            **MCGUIREWOODS LLP**
                                            1750 Tysons Boulevard
                                            Suite 1800
                                            McLean VA 22102-4215
                                            (703) 712-5489
                                            (703) 712-5281 (fax)
                                            clhommedieu@mcguirewoods.com
                                            jhilten@mcguirewoods.com

                                            Brian Riopelle (VA Bar No. 36454)
                                            **MCGUIREWOODS LLP**
                                            One James Center
                                            901 East Cary Street
                                            Richmond, VA 23219-4030
                                            (804) 775-1000
                                            (804) 775-1061 (fax)
                                            briopelle@mcguirewoods.com

                                            David Kleinfeld
                                            Kurt Kjelland
                                            Steven A. Moore

    Samuel R. Hellfeld
**HELLER EHRMAN LLP**
4350 La Jolla Village Drive
San Diego, CA   92122
Telephone:  (858) 450-8400
Facsimile:  (858) 450-8400

Attorneys for Defendants Kyocera Wireless
Corporation and Kyocera Sanyo
Telecom, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2008 I will cause the foregoing **ANSWER AND COUNTERCLAIMS** to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Brian R. Nester
> Ahmed J. Davis
> Ralph A. Phillips
> FISH & RICHARDSON P.C.
> 1425 K Street, N.W.
> Washington, D.C. 20005
> (202) 783-5070
> (202) 783-2331 (fax)
> nester@fr.com
> adavis@fr.com
> rphillips@fr.com
>
> *Attorneys for Plaintiff SPH America, LLC*

And I hereby certify that I caused the foregoing **ANSWER AND COUNTERCLAIMS** to be mailed by U.S. mail to the following non-filing users:

> James V. Mahon
> Deputy General Counsel
> Dispute Resolution
> Sony Ericsson Mobile Communications (USA) Inc.
> 8001 Development Drive
> Research Triangle Park, NC  27709
> (919) 536-6076
> (919) 536-4938 (fax)
>
> *Attorneys for Defendants Sony Ericsson Mobile Communications (USA), Inc. and Sony Ericsson Mobile Communications AB*
>
> Hogo Ho, Deputy General Counsel
> Senior Counsel, Legal Department
> HTC Corporation
> No. 23, Xinghua Rd., Taoyuan City
> Taoyuan County 330, Taiwan
> (R.O.C.)
> 866-3-375-3252 ext. 6126

886-3-375-6376 (fax)

*Attorneys for Defendants High Tech Computer Corp. and HTC America, Inc.*

Dated: August 28th, 2008                     /s/ Caitlin Lhommedieu_____
                                             Caitlin Lhommedieu (Va. Bar No. 47796)
                                             **MCGUIREWOODS LLP**
                                             1750 Tysons Boulevard
                                             Suite 1800
                                             McLean VA  22102
                                             (703) 712-5489
                                             (703) 712-5281 (fax)
                                             clhommedieu@mcguirewoods.com

                                             Attorney for Defendants Kyocera Wireless
                                             Corporation and Kyocera Sanyo
                                             Telecom, Inc.